*William L. Hurst, for appellants.   Rodman, for appellee.*

---

WM. BLACKERTER *v.* COMMONWEALTH.

**Criminal Law—Indictment.**
    While only one offense may be charged in an indictment, the mode and means of committing that offense may be stated in the alternative.

**Appeals.**
    The court of appeals has no power to reverse a judgment of conviction on indictments for an error in overruling a demurrer.

APPEAL FROM WASHINGTON CIRCUIT COURT.

November 26, 1875.

OPINION BY JUDGE PRYOR:

Each count in the indictment charges a public offense. Sec. 271 of the Criminal Code provides that "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." The motion to arrest the judgment was, therefore, properly overruled. Sec. 125, Criminal Code, provides that "An indictment, except in the cases mentioned in Sec. 126, must charge but one offense; but the mode and means of committing that offense may be stated in the alternative." The counts united in this indictment are not embraced within the exceptions, nor are they such offenses as can be joined in an indictment as provided by Sec. 126.

By Sec. 164, a demurrer is proper when more than one offense is charged in the indictment, except as provided in Sec. 126. This objection by demurrer may, however, be avoided by dismissing one of the counts of the indictment as provided by Sec. 168. Although the attorney for the commonwealth failed to dismiss either count, still this court has no power to reverse a judgment of conviction on indictments for felonious acts or misdemeanors for an error in overruling a demurrer. Secs. 334 and 348, Criminal Code.

The instructions were more favorable to the appellant than the commonwealth. The jury was told that Mobley must have been guilty of the malicious stabbing, and that the appellant was present, aiding and abetting in the commission of the offense, before they would find him guilty. They were also told that the accused had the right to interfere to preserve the peace and to prevent the commission of a felony; and if the party stabbed was about to commit a felony by taking the life of Mobley without cause, the accused had the right to use such means as was necessary to prevent it. Upon the facts, we are inclined to the opinion that this last instruction should not have been given; and therefore the appellant cannot complain.

The judgment is *affirmed*.

*Russell & Averitt, for appellant. Thomas E. Moss, for appellee.*